

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Sexton
County Attorney
Orange County
Orange, Texas

Dear Sir:
Opinion No. 0-6109
Re: "Coin-Operated Machine Tax Law,"
Article 7047a, Sections 2 to 18.

We have given careful consideration to your request for our opinion concerning two questions dealing with the above sections of the captioned article. We quote the questions from your letter as follows:

"If, when the County Court sets its tax rates for any given year it incorporates into this schedule of tax rates and assesses 'An amount equal to ½ the amount collected by the State on all occupations subject to occupation tax in the County' does the law give the County every right and vehicle for collection of the County's part of the tax that it gives the State?

"Is the owner of the place of business liable for the tax on any machine that is in the place regardless of who owns the machine and may the Tax Collector or enforcing agency require that the owner or operator of the business where the machines are in operation require that such owner or operator of the business pay the County tax (occupation tax) on the machines?"

Article 7048, V. A. C. S., reads, in part:

"Each Commissioners Court . . . shall have the right to levy one-half of the occupation tax levied by the State upon all occupations not herein otherwise specially levied. . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Sexton, page 2

Article 7027a-2 provides in part:

"(a) The term 'owner' as used herein shall mean and include any person, individual, firm, company, association or corporation owning or having the care, control, management or possession of any 'coin-operated machine' in this State.

"(b) The term 'operator' as used herein shall mean and include any person, firm, company, association or corporation who exhibits, displays or permits to be exhibited or displayed, in his or its place of business or upon premises under his or its control, any 'coin-operated machine' in this State."

Article 7047a-3, V. A. C. S., reads in part:

"Every 'owner' as that term is hereinabove defined, who owns, controls, possesses, exhibits, displays, or who permits to be exhibited or displayed in this State any 'coin-operated machines' as that term is defined herein, shall pay and there is hereby levied on every coin-operated machine as defined in this Act, except such as are exempted herein, an annual occupation tax determined by the following schedule:

". . .

"Provided that nothing herein shall prevent the 'operator' of such machines from paying the tax levied in this Act for the account of the 'owner' but the payment of such tax by such operator or other person shall not relieve the owner from the responsibility of complying with all provisions of this Act including the keeping of the records required herein."

Article 7047a-5, V. A. C. S., provides:

"Every coin-operated machine subject to the payment of the tax levied herein, and upon which the said tax has not been paid as provided herein, is hereby declared to be a public nuisance, and may be seized and destroyed by the Comptroller of Public Accounts, his agents, or any law enforcing agency of this State as in such cases made and provided by law for the seizure and destruction of common nuisances."

Honorable W. P. Sexton, page 3

We are of the opinion that the rights given the State under the sections of the law dealing with the tax on coin-operated machines are only those that may be utilized in collecting the State taxes thereon. The reason for such a ruling is that the sections pertaining to taxes on coin-operated machines deal with those machines <u>subject to the payment of the tax levied herein,</u> which is only the State tax. A typical example is Article 7047a-5, heretofore quoted. Such language is likewise found throughout the other sections of this article.

Article 7047a-3, supra, levies the tax under consideration upon the "owner" as so defined. The "operator" as that term is used is not subject to this tax but can, if he so desires, pay the same. The answer to your second question then depends upon whether or not the owner of a business in which these machines are placed comes within the definition of "owner" or "operator." This would depend, however, upon the facts surrounding each case, and thus we are unable to specifically answer your inquiry. We can say, however, that if such a person comes within the definition of "operator," and does not fall within any of the requisites which compose an "owner," he is not subject to the tax. In order to be of some help to you in determining which class such a person comes within, we are setting forth certain definitions used by the courts and lexicographers of certain words contained in the definitions of "owner" and "operator," as used in this Act.

Webster's New International Dictionary, Second Edition, defines "display" as "to spread before the view; to exhibit to the sight, or to the mind; to manifest; to show or disclose."

It was held in the case of Peoht v. Colby Management Corporation, 20 P. (2d) 768, that "to exhibit a thing means to show it; to the same effect was the holding in Pfeiffer v. Suss, 73 Mo. 245. Bouvier defines "exhibit" as meaning "to produce a thing publicly to that it may be taken possession of or seized." The word "exhibited," as used in the chapter punishing gaming, "is intended to signify the act of displaying the bank or game for the purpose of obtaining bettors." Article 623, Vernon's Ann. Penal Code; Collison v. State, 146 S.W. (2d) 468.

"To own" is to have good legal title thereto. State v. Lowry, 77 N.E. 728, 4 L. R. A. (N.S.) 528.

Honorable W. P. Sexton, page 4

In the case of Davis v. State, 276 S. W. 845, an instruction that "possess" meant actual personal control, care and management of the property, alone or jointly with others, was held proper. An instruction that the term "possess" means actual personal control was held proper in Walker v. State, 23 S. W. (2d) 388. Vernon's Ann. Penal Code, Article 1413, declares that "'possession' is constituted by exercise of actual control, care, and management of property." In Patrilo v. U. S., 7 F. (2d) 804, the court said "possessing property. . . means. . . custody and control." Finally, the Restatement of Torts, 0 216, reads that a person in possession of a chattel is one who has the right against all persons to the immediate physical control of a chattel if no other person is in possession.

We trust that the foregoing definitions and statements may be of some benefit to you in deciding into which class, under the facts before you, an owner of a place of business, in which coin-operated machines are placed, comes; and further, that we have to your satisfaction answered your inquiries.

Yours very truly

APPROVED NOV 1944    ATTORNEY GENERAL OF TEXAS

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS By *Robert O. Koch*

Robert O. Koch
Assistant

ROK:AMM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN